UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| METROPOLITAN LIFE INSURANCE COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-126-BAJ-RLB |
| WILLIE LEE JACKSON, SR., ET AL. | |

### ORDER

Before the Court is Metropolitan Life Insurance Company's ("MetLife") Ex Parte Motion for Order Directing Service by Publication (R. Doc. 37) filed on October 16, 2017.

**I.  Background**

MetLife commenced this interpleader action on March 6, 2017. (R. Doc. 1). At issue in this interpleader action is the death benefit of $5,000.00 payable by MetLife in light of the death of John Jackson on November 20, 2015. The Interpleader-Defendants named in the Complaint are Willie Lee Jackson, Sr., individually and as Administratrix of the Succession of John Jackson ("Jackson"), and Alexis Hill, Jonathan Hill, and Sebastian Hill (collectively, the "Hills"). (R. Doc. 36 at 1). MetLife alleges that the Hills are all domiciled in Chicago, Illinois. (R. Doc. 1 at 1-2).

On March 7, 2017, MetLife sent waiver of service forms to the Hills. (R. Doc. 26-4).

On April 5, 2017, the Court granted MetLife's motion to deposit into the registry of the Court the sum of $5,471.23, which represents the principal sum payable in death benefits plus accrued interest. (R. Doc. 5).

On April 27, 2017, Jackson filed an Answer and Crossclaim. (R. Doc. 8). The Hills have not filed an Answer or otherwise made an appearance in this action.

The sole address for the Hills available to MetLife is on the Change of Beneficiary Designation form on file with MetLife, which consists of a Post Office Box in Chicago, Illinois, with the zip code 60613. (R. Doc. 26-2).

On April 18, 2017, MetLife sent a letter to the Hills inquiring about the waiver of service form. (R. Doc. 26-5). MetLife's counsel represents that despite having discussed the dispute with Alexis Hill by telephone, counsel did not receive a signed waiver of service from any of the Hills. (R. Doc. 36 at 2; R. Doc. 26-1 at 2).

On May 8, 2017, MetLife attempted service of process on the Hills by certified mail pursuant to the Louisiana Long Arm Statute. (R. Doc. 9; R. Doc. 10; R. Doc. 11). MetLife's counsel represents that on May 30, 2017, the envelopes addressed to Jonathan Hill and Sebastian Hill were returned to her office with the return receipts still attached. (R. Doc. 36 at 2).

On July 13, 2017, the Court held a telephone conference. (R. Doc. 24). The Hills did not participate. The Court set a new telephone conference to be held on August 21, 2017, and ordered MetLife's counsel to "send a copy of this order to any available addresses for any defendants that have not appeared and provide call in information for the telephone status conference so that they may participate by phone." (R. Doc. 24 at 1). MetLife's counsel represents that she sent copies of that Order to the Hills, as well as an additional letter reminding the Hills of the status conference, but the envelopes were returned to Ms. Roddy's office marked "Refused." (R. Doc. 36 at 2-3; *see* R. Doc. 31-3; R. Doc. 31-4, R. Doc. 31-5).

On August 21, 2017, the Court held a telephone conference. (R. Doc. 27). The Hills did not participate. The Court then set an additional telephone conference for October 3, 2017. (R. Doc. 30). Ms. Roddy represents that she sent a copy of the notice setting this telephone conference to the Hills. (R. Doc. 36 at 3; *see* R. Doc. 31-6).

On October 3, 2017, the Court held a telephone conference. (R. Doc. 33). The Hills did not participate.

On October 16, 2017, MetLife filed the instant motion, which seeks approval from the Court to order service of process on Alexis Hill, Jonathan Hill, and Sebastian Hill by publication pursuant to 28 U.S.C. § 1655. (R. Doc. 37).

**II.     Law and Analysis**

28 U.S.C. § 1655 provides that, in an action to enforce a lien upon or claim to, or to remove an encumbrance, lien, or cloud upon the title to, real or personal property, the district court may order an absent defendant to appear or plead by a certain day.  If personal service is not practicable, the absent defendant may be served by publication as the court may direct, not less than once a week for six consecutive weeks. *Id.*  If the absent defendant does not appear or plead by the deadline set by the court, the court may proceed as if the defendant had been served. *Id.*  Any adjudication as to that defendant shall affect only the subject property. *Id.*

The Fifth Circuit has held that 28 U.S.C. § 1655 is applicable to interpleader actions to allow service by publication in certain circumstances. *United States v. Estate of Swan*, 441 F.2d 1082, 1085 (5th Cir. 1971) ("Where, as here, the property is located within the district in which the District Court sits, the action may also fall within that class of actions defined by Section 1655. We believe that Congress did not intend to exclude from coverage under Section 1655 actions such as this one, in which the stake consists of the assets of an estate on deposit in a bank pursuant to court order, the claims are numerous, and service by publication constitutes a reasonable mode of conveying notice to an absent party."); *see also USAA Investment Management Co. v. Dunvegan Trust*, No. 15-1972, 2016 WL 8504776, at *1 (W.D. Wash. Apr. 21, 2016) ("Although interpleader actions are not specifically named in § 1655, many courts

have applied the statute in such cases.") (citing *Estate of Swan*, 441 F.2d at 1085-86; *Fid. & Guar. Life Ins. Co. v. Freeman*, 94 F. Supp. 2d 689, 691 (D. Md. 2000); *Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F. Supp. 682, 686 (S.D.N.Y. 1981)).

In the instant case, MetLife has deposited the total sum of money at issue into the registry of the Court and has attempted personal service on the three unserved defendants. MetLife has made several attempts to serve the defendants including multiple letters sent through certified mail at the last known addresses of the unserved defendants provided to MetLife, and multiple attempts to reach Alexis Hill, believed to be the father of Sebastian Hill and Jonathan Hill, by phone. Given the record, the Court concludes that MetLife has demonstrated a diligent effort in effecting personal service, that personal service is impracticable, and that service by publication is proper.

Accordingly, the Court will require the unserved defendants to appear or plead to the Complaint within the time provided by this Order. If any of the unserved defendants fails to do so, the Court will nevertheless adjudicate this action as if those defendants were served with process in the State of Louisiana.

MetLife has provided competent evidence that the unserved defendants reside in Chicago, Illinois. MetLife has contacted one of the unserved defendants, Alexis Hill, and it appears that further contact and service of process are being actively avoided by the Hills. In addition, the property at issue is in deposit in the registry of this Court, which is located in East Baton Rouge Parish.

Accordingly, a copy of the attached Notice and Order shall be published in the Baton Rouge Advocate, a newspaper of general circulation published daily in East Baton Rouge Parish in the State of Louisiana, and The Chicago Tribune, a newspaper of general circulation published

daily in Chicago, Illinois, and the remainder of Cook County in the State of Illinois. *See USAA Investment Management*, 2016 WL 8504776, at *2 (W.D. Wash. Apr. 21, 2016) (requiring order or summons to be published in a "newspaper of general circulation published daily" in the county where the disputed funds were located); *Global Discoveries, Ltd. v. Realtec, Ltd.*, No. 12-5186, 2013 WL 4377766 at *3 (N.D. Cal. Aug. 13, 2013) (noting that absent defendants that were known to live in Iran would not receive actual notice of the action by publishing the order only in county where disputed property is located).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Metropolitan Life Insurance Company's Ex Parte Motion for Order Directing Service by Publication (R. Doc. 37) is **GRANTED**. MetLife is hereby authorized to run the attached Notice and Order in the legal section of The Advocate and The Chicago Tribune once a week for six consecutive weeks, to begin within two weeks of the date of this Order, as required by 28 U.S.C. § 1655 to effect service on the absent defendants.

Signed in Baton Rouge, Louisiana, on October 31, 2017.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-126-BAJ-RLB** |
| **WILLIE LEE JACKSON, SR., ET AL.** | |

## NOTICE AND ORDER REGARDING INTERPLEADER ACTION AND CLAIMS TO DEATH BENEFITS

The following persons are among the persons named as defendants in the interpleader action captioned, Metropolitan Life Insurance Company v. Willie Lee Jackson, Sr., Individually and as Administratrix of the Succession of John Jackson, Alexis Hill, Jonathan Hill and Sebastian Hill, Civil Action No. 17-126-BAJ-RLB which action is pending in the United States District Court for the Middle District of Louisiana and arises out of adverse claims to life insurance benefits that became payable upon the death of John Jackson:

1. Alexis Hill
2. Jonathan Hill, son of Alexis Hill
3. Sebastian Hill, son of Alexis Hill

MetLife has been unable to locate Alexis Hill, Jonathan Hill or Sebastian Hill despite diligent efforts. The above-listed individuals are officially placed on Notice of the following Order from the Middle District of Louisiana, the Court where the interpleader action is pending.

**YOU HAVE A RIGHT TO ASSERT A CLAIM TO THE INSURANCE FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT IN CIVIL ACTION NO. 17-126-BAJ-RLB. YOU ARE HEREBY ORDERED TO APPEAR OR PLEAD IN RESPONSE TO THE REFERENCED SUIT BY JANUARY 23, 2018. IF YOU DO NOT APPEAR OR PLEAD**

**WITHIN THE TIME ALLOWED, THE COURT WILL PROCEED AS IF THE ABOVE-LISTED ABSENT DEFENDANTS HAVE BEEN SERVED WITH PROCESS IN EITHER LOUISIANA OR ILLINOIS.**

Please contact counsel for Metropolitan Life Insurance Company, Virginia N. Roddy, at 504-529-3600 for additional information regarding this Notice and Order.

Signed in Baton Rouge, Louisiana, on October 31, 2017.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**