UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | |
| WILLIE LEE JACKSON, ET AL. | NO.: 17-00126-BAJ-RLB |

## RULING AND ORDER

Before the Court are three **Motions for Default Judgment** filed by Plaintiff in Interpleader Metropolitan Life Insurance ("MetLife") **against Sebastian Hill (Doc. 61), Jonathan Hill (Doc. 62) and Alexis Hill (Doc. 63).** Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the **Motions for Default Judgement (Docs. 61, 62, and 63)** are **GRANTED**.

I.  BACKGROUND

MetLife, an insurance provider, provided a group life insurance plan (the "Plan") to the City of Baton Rouge, Louisiana, in which John Jackson (the "Insured") was a participant. (Doc. 1 at ¶ 7). Willie Lee Jackson Sr. ("Jackson") is the Insured's son. The Insured's Plan stated that if no beneficiary for monies payable at the Insured's death was designated, MetLife may decide that certain surviving family members are to be designated to be the beneficiaries of the life insurance payment. (Id. at ¶ 8). MetLife claims that the Insured executed a form designating his wife, Anna M. Jackson ("Ms. Jackson") as beneficiary under the Plan. (Doc. 1 at ¶ 9). Plaintiff further alleges that on March 16, 2017, a power of attorney previously

1

executed on behalf of the Insured by Alexis Hill, Ms. Jackson's nephew, was used to sign a Beneficiary Designation Form, removing Ms. Jackson and designating Alexis Hill as primary beneficiary, and Alexis Hill's sons Jonathan Hill and Sebastian Hill as contingent beneficiaries.[1] (Id. at ¶ 13). This new Beneficiary Designation Form stated that the Insured revoked any previous designations of primary and contingent beneficiaries. MetLife avers that Ms. Jackson died on August 10, 2015, predeceasing the Insured. (Id. at ¶ 15). The Insured died on November 20, 2015. (Id. at ¶ 16). Upon the Insured's death, MetLife wrote to Jackson requesting him to submit a claimant's affidavit for the value of the death benefits. (Id. at ¶ 18). Jackson returned the claim form on January 8, 2016. (Id. at ¶ 19). On December 21, 2015, MetLife wrote to Alexis Hill to inform him that the power of attorney that he used to change the Beneficiary Designation Form did not give him the authority to do so. (Id. at ¶ 20). On March 1, 2016 MetLife wrote to counsel for Jackson, Alexis Hill, Sebastian Hill, and Jonathan Hill indicating that their claims were adverse to each other, and that MetLife, by law, was required to file an interpleader action. However, MetLife urged the parties to amicably settle the matter before the interpleader action was filed. (Id. at ¶ 24). The interpleader action was filed on March 6, 2017. (Doc. 5). The Court entered an injunction on April 5, 2017 enjoining Defendants from instituting any other suit

---

[1] Alexis Hill, Jonathan Hill, and Sebastian Hill shall be collectively referred to as "Non-Responsive Defendants."

against MetLife relating to the death benefits of the Insured, pursuant to 28 U.S.C. § 2361 (Doc. 5 at p. 1).

Plaintiff avers that despite numerous attempts to serve Non-Responsive Defendants, it has been unable to do so. (Doc. 61 at p. 1). Plaintiff asserts that it attempted service via publication in the Chicago Tribune and the (Baton Rouge) Advocate, pursuant to 28 U.S.C. 1655, to no avail. (Id.) Plaintiff's notices stated "If you fail to appear or plead by April 19, 2018, the court will proceed as if you have been served with process." (Id.). As of this date, Non-Responsive Defendants have not participated in any aspect of this matter. The Clerk of Court entered default against Non-Responsive Defendants on June 4, 2018. (Doc. 56). MetLife then filed the pending Motions for Default Judgment. (Docs. 61, 62, and 63).

## I. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *NewYork Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must

3

consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## II. DISCUSSION

### A. Default Judgment is Appropriate under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Non-Responsive Defendants failed to file an Answer or motion under Rule 12. Second, it is undisputed that Non-Responsive Defendants have not responded to any of MetLife's attempts to contact them. Third, the grounds for granting a default judgment against Non-Responsive Defendants are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Non-Responsive

4

Defendants' failure to respond was the result of a good faith mistake or excusable neglect because they have failed to respond to MetLife or to the Court. Fifth, Non-Responsive Defendants' failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Non-Responsive Defendants. The Court therefore finds that the six *Lindsey* factors weigh in favor of entry of default against Non-Responsive Defendants.

### B. The Sufficiency of the Pleadings

The Court must also determine whether MetLife's pleadings provide a sufficient basis for a default judgement. MetLife filed the interpleader complaint against Defendants as required by Fed. R. Civ. P. 22, which provides:

> **(1) *By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> **(A)** the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> **(B)** the plaintiff denies liability in whole or in part to any or all of the claimants.

Plaintiff has established that it was required to file the Interpleader Complaint on the grounds that multiple Defendants had potential claims for the same Death Benefit payment. Therefore, Plaintiff has demonstrated a sufficient basis for default

on Plaintiff's Interpleader complaint. Plaintiff's motions for default judgment are granted.

### C. Injunction against Non-Answering Defendants

Plaintiff also seeks a permanent injunction enjoining Non-Responsive Defendants from instituting or prosecuting any other suit or proceeding in any court against MetLife, relating to the death benefits, plus any applicable interest, payable as a consequence of the death of the Insured. The Court issued a prior injunction on April 5, 2017. Pursuant to 28 U.S.C. § 2361, after considering the issue, the Court "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

For a permanent injunction to issue, a party must demonstrate: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest. *See DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Non-Responsive Defendants did not file any objection to the entry of a permanent injunction against them, after having been served, and default has been entered against them. There is no other method by which MetLife can protect itself against the risk of dual liability but for having filed its Interpleader Complaint and requesting a permanent injunction against further suits by Non-Responsive Defendants. There is no threatened injury to Non-Responsive Defendants, as they have not participated or otherwise exercised their ability to challenge MetLife's filings. Finally, public policy dictates that the injunction should be made permanent,

as Non-Responsive Defendants have not set forth any reasons why judgment should not be entered in the manner described herein. MetLife has satisfied all the aforementioned requirements, and therefore this Court grants the permanent injunction.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motions for Default Judgment (Docs. 61, 62, and 63)** filed by MetLife are **GRANTED**.

**IT IS FURTHER ORDERED** that Non-Responsive Defendants are permanently enjoined from instituting any other suit against MetLife relating to the death benefits of the Insured.

Baton Rouge, Louisiana, this 4th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**